IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES SCOTT,<br><br>                    Plaintiff,<br><br>v.<br><br>DAVID ANGERHOFER et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION & ORDER REGARDING SERVICE OF PROCESS**<br><br>Case No. 2:20-CV-14 DAK<br><br>District Judge Dale A. Kimball |

Plaintiff, a Utah state inmate, filed this *pro se* civil suit, *see, e.g.,* 42 U.S.C.S. § 1983 (2021),[1] proceeding *in forma pauperis*, *see* 28 *id.* § 1915. Having now screened the Amended Complaint, (ECF No. 11), under its statutory review function,[2] the Court concludes that some defendants must be dismissed and official service of process is warranted for remaining defendants. *See* 28 U.S.C.S. § 1915(d) (2021) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").

---

[1] The federal civil-rights statute reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C.S. § 1983 (2021).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2021).

### A. DISMISSAL OF SOME DEFENDANTS

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each defendant's personal participation is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff may not name an individual as a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Nor does "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff . . . establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Considering these guidelines, the Court concludes Plaintiff has done nothing to affirmatively link to his claims these defendants: M. **Allen** (grievance captain); Alisha **Anderson** (grievance coordinator); Devin **Blood** (deputy warden answering grievances); John **Capell** (accountant); D. **Cutler** (grievance captain); Shane **Nelson** (warden denying grievances); and John and Jane Does (including DR, JD, and LC, with insufficient details provided to identify them). (ECF No. 11.) He has not tied any material facts to them. Claims against these defendants may not survive this omission; they are thus dismissed, with some further analysis below.

### B. DISMISSAL OF SOME CLAIMS

#### 1. LACK OF AFFIRMATIVE LINK TO NAMED DEFENDANT

Plaintiff's Amended Complaint is 152 pages long, with many factual allegations that are not linked to a named defendant--e.g., he asserts at length medical symptoms and situations in

which he was perhaps not treated properly, either linking no particular person, or people not named as defendants (like Physician Assistant Timothy Dennis). (*See, e.g.*, ECF No. 11, at 69.) Claims to which no named defendant is linked are dismissed.

## 2. DENIAL OF GRIEVANCE PROCESS

Plaintiff alleges for many pages that he was not provided a proper grievance process. However, "there is no independent constitutional right to state administrative grievance procedures. Nor does the state's voluntary provision of administrative grievance process create a liberty interest in that process." *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished). Claims along these lines are also dismissed.

## 3. STATUTE OF LIMITATIONS

As obvious from the face of the Amended Complaint, many of Plaintiff's allegations are clearly designated as occurring more than four years before this case was filed in state court on January 15, 2019. (ECF No. 2, at 2.)

"Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). And "[a]ctions under § 1983 normally accrue on the date of the [alleged] constitutional violation," *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012), as § 1983 claims "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994). The Court notes that "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run," *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also Romero v. Lander*, 461 F. App'x 661, 669 (2012) (section 1983 case), and "it is not necessary that a claimant know *all* of the evidence

ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (emphasis in original).

Accordingly, applying the four-year statute of limitations here, the Court concludes that claims occurring before four years of filing--January 15, 2015--are barred as untimely. Such claims are dismissed.

### 4. RETALIATION

Plaintiff's retaliation claims are mostly limited to statements such as,

> Due to these defendants' refusal to provide plaintiff with de minimis corrective action for redress of his phone call overcharge, it can more than easily be inferred that the reason for defendants' lack of action was a meeting of their minds to retaliate against plaintiff for his filing of prison grievances.

(ECF No. 11, at 97.) These vague suppositions are insufficient to validly assert retaliation claims.

Plaintiff further asserts Defendants Anderson and Nelson "threatened" him with statements that Plaintiff was "abusing the grievance system" and therefore might have his "grievances privileges" revoked. (*Id*. at 115-17.)

Plaintiff's retaliation claim is brought under the First Amendment's proscription on visiting prejudicial consequences upon an inmate for filing grievances. *See Kee v. Raemisch*, 793 F. App'x 726, 730 (10th Cir. 2019) (unpublished) (citing U.S. Const. amend. I, stating, "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people . . . to petition the Government for a redress of grievances").

Plaintiff asserts Defendants Anderson and Nelson threatened him for filing grievances, resulting in a retaliation cause of action. Specifically, Plaintiff states Defendants Anderson and Nelson responded to his grievances by questioning their validity and suggesting a consequence could be suspension from the grievance process.

### a. LEGAL STANDARDS

"It is well-settled that '[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right [to free speech].'" *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (quoting *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990)). Plaintiff must show retaliation's three elements: (1) Plaintiff was involved in "constitutionally protected activity"; (2) Defendants' behavior injured Plaintiff in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; *and* (3) Defendants' injurious behavior was "substantially motivated" as a reaction to Plaintiff's constitutionally-protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). Further, an inmate is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity." *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir.1998); *Powell v. Laurie*, No. 16-3251-SAC-DJW, 2017 U.S. Dist. LEXIS 127523, at *12 (D. Kan. Aug. 11, 2017) ("Not 'every response to a prisoner's exercise of a constitutional right gives rise to a retaliation claim.'" (quoting *Dawes v. Walker*, 239 F.3d 489, 492-93 (2d Cir. 2001))).

### b. UNDISPUTED MATERIAL FACTS

Analysis of Plaintiff's claim is based on the Amended Complaint's unvarnished allegations, accepted as true for this Order: Plaintiff engaged in constitutionally protected behavior of filing grievances, to which Defendants Anderson and Nelson responded by "threatening" Plaintiff with revocation of his grievance privileges. (ECF No. 11, at 115-17.)

### c. APPLYING LAW TO FACTS

The Court addresses just element two here--absence of a "chilling" injury to Plaintiff.

A survey of Tenth Circuit caselaw shows: In *Vreeland v. Vigil*, No. 1:18-CV-3165-PAB-SKC, 2020 U.S. Dist. LEXIS 48731 (D. Colo. Feb. 11, 2020) (R. & R.), *adopted by* 2020 U.S. Dist. LEXIS 47570 (Mar. 19, 2020), a plaintiff contended that defendants "threatened to have [him] transferred to a different level 3 or higher security facility if [he] submitted any more grievances or law suits against them." *Id*. at *29-30 (quotation marks and citation omitted). Concluding plaintiff had not plausibly stated a retaliation claim, the court noted,

> The Tenth Circuit has found that verbal harassment alone is insufficient to state a claim for unconstitutional retaliation. *Requena v. Roberts*, 893 F.3d 1195, 1211-12 (10th Cir. 2018) ("To the extent [plaintiff's] retaliation claim is based on [defendant] calling him a 'dumb Indian,' harassing him 'all night' while in segregation, and placing him on 'nutraloaf' without following proper procedure, such actions alone, although unprofessional and unpleasant, do not constitute adverse action sufficient to support a retaliation claim."); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("[V]erbal threats and name calling usually are not actionable under § 1983.").
> Claim Nine merely alleges that [defendants] "threatened to have [plaintiff] transferred to a different level 3 or higher security facility if [he] submitted any more grievances or law suits against them." There are no additional threats, or more importantly, *corresponding adverse actions*, alleged in the proposed SAC to plausibly state a retaliation claim.

*Id*. at *30-31 (emphasis added); *see also Buchanan v. Johnson Cty. Sheriff's Dep't*, No. 19-3114-SAC, 2019 U.S. Dist. LEXIS 127527, at *8 (D. Kan. July 31, 2019) (concluding no valid retaliation claim when defendant verbally attacked plaintiff including saying "stop filing grievances") (citing *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (concluding insulting, disrespectful, or sarcastic comments directed at inmate "do not, without more, constitute an adverse action" for stating retaliation claim)); *Johnson v. Doe*, No. 17-CV-2379-GPG, 2018 U.S.

Dist. LEXIS 230591, at *15-16 (D. Colo. Jan. 16, 2018) (stating when defendant allegedly tried to keep plaintiff from filing grievances "by starting a yelling match about filing grievances" that "verbal argument is not the sort of injury that would chill a person of ordinary firmness from engaging in constitutionally protected activity"); *Powell*, 2017 U.S. Dist. LEXIS 127523, at *12 (concluding plaintiff failed to state retaliation claim when only "adverse 'action' is a threat" and recognizing "trivial or de minimis injury, or a complete lack of injury . . . will not support a § 1983 retaliation claim"); *Richards v. Stafford*, No. CIV-15-216-R, 2016 U.S. Dist. LEXIS 94713, at *6 (W.D. Okla. June 23, 2016) (R. & R.) (rejecting retaliation claim when as consequence for plaintiff grieving defendant "threatened curtailment of Plaintiff's use of the grievance process," reasoning refusal to give inmate grievance form is not "'type of injury that would chill a person of ordinary firmness from exercising their constitutional right'" (quoting *Fogle v. Infante*, 595 F. App'x 807, 810 (10th Cir. 2014))), *adopted by* 2016 U.S. Dist. LEXIS 93662 (July 19). Likewise, Plaintiff here has not alleged actual injury.

With these examples in mind, the Court concludes Plaintiff's retaliation claim against Defendants Anderson and Nelson is fatally incomplete due to his failure to allege that he sustained a "chilling" injury. Plaintiff thus has not validly asserted that Defendants Anderson and Nelson violated his constitutional rights here. Plaintiff's retaliation claims against Defendants Anderson and Nelson are therefore dismissed.

### 5. RANDOM DEPRIVATION

Plaintiff asserts certain defendants deprived him of money in his inmate account--primarily, it appears, based on a series of misunderstandings with John Doe defendant(s), defendants identified by initials, and Defendant Capell about the amount to be paid in state-court

filing fee(s), (ECF No. 11, at 99-115).[3] However, Plaintiff has not adequately identified John Does and initialed defendants to allow the Court to perceive the required affirmative link.

Further, "a random and unauthorized deprivation of property under color of state law . . . does not give rise to a § 1983 claim if there is an adequate state post-conviction remedy." *Frazier v. Flores*, 571 F. App'x 673, 675 (10th Cir. 2014) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff's claims fit under this rubric: First, he has not alleged "his property was seized pursuant to a consistent policy and not just a random, unauthorized act." *Id*. at 676. Second, there could be no hearing (in keeping with due-process precepts) because "individual correctional officers' alleged practice of arbitrarily seizing inmates' property with scant justification is not the type of 'established state procedure' under which the state can 'predict precisely when the loss will occur' and thus provide a hearing beforehand." *Id*. (quoting *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)). Third, Plaintiff has not alleged that Utah does not have options for him to pursue a remedy for Defendants' alleged intentional torts. *See Hudson*, 468 U.S. at 535-36.

Claims as to property deprivations are thus dismissed.

### C. SERVICE ORDER REGARDING REMAINING DEFENDANTS

Under Federal Rule of Civil Procedure 4(c)(1), the Court requests waiver of service from Utah Department of Corrections Defendants Bruce **Burnham** (doctor) and Laura **Cook** (commissary staff member). Defendant Burnham should respond only to allegations of the kind and dates found at pages 71-79 and 136 of the Amended Complaint. (ECF No. 11.) Meanwhile, Defendant Cook should respond only to allegations of the kind and dates found at pages 117-18 of the Amended Complaint. (*Id*.)

---

[3] After Plaintiff discusses at length a couple of the "property deprivations" (book and phone charges), he concedes that he was later reimbursed. (ECF Nos. 11, at 92, 97.) The Court does not address these further.

## D. MOTION FOR APPOINTED COUNSEL

The Court now addresses Plaintiff's motion for the Court to request *pro bono* counsel to represent him. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S. § 1915(e)(1) (2021); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The applicant must "convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

In deciding whether to appoint counsel, the Court considers a variety of factors, like "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering these factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

## E. CONCLUSION

**IT IS ORDERED** that:

**(1)** Defendants **Allen, Anderson, Blood, Capell, Cutler, Nelson, and John and Jane Does (including Defendants identified by initials)** are **DISMISSED**.

**(2)** Claims not affirmatively linked to named defendants are **DISMISSED**.

**(3)** The Clerk of Court shall mail:

   **(a)** Notice of a Lawsuit and Request to Waive Service of a Summons, AO form 398; copies of Waiver of the Service of Summons, AO form 399; and copies of Amended Complaint, (ECF No. 11), and this Order to Defendants **Burnham** and **Cook**:

>   **Utah Department of Corrections**
>   **Att'n: Correctional Program Coordinator--3rd Floor DPO Suite**
>   **14717 South Minuteman Drive**
>   **Draper, UT 84020.**

   **(b)** Copies of Amended Complaint and this Order to:

>   **Utah Attorney General's Office**
>   **Att'n: Litigation Division, Prisoner Litigation Unit**
>   **160 East 300 South, Sixth Floor**
>   **P.O. Box 140856**
>   **Salt Lake City, UT 84114-0856**.

**(4)** Defendants are cautioned that Federal Rule of Civil Procedure 4 requires Defendants to cooperate in saving unnecessary costs of serving summons and complaint. Under Rule 4, if Defendants fail to waive service of summons, after being asked by the Court to do so on Plaintiff's behalf, Defendants must bear service costs unless good cause be shown for failing to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the day the waiver is filed, except that Defendants need not file an answer until **60 days** from the date on which the waiver request was sent. *See* Fed. R. Civ. P. 4(d)(3). (This allows longer time to respond than would be required if formal service of summons is necessary.) Defendants must read the statement at the bottom of the waiver form that more completely describes the party's duties about waiver. If service is waived after the deadline given in the Notice of a Lawsuit and Request to Waive Service of a Summons, but before Defendants have been personally served, the Answer shall be due **60 days** from the date on which the request for waiver was sent or **20 days** from the date the waiver form is filed, whichever is later.

**(5)** For every Defendant for whom service has been ordered but for whom a waiver has not been executed, attorneys for the Department of Corrections or Defendant must file a notice listing the Defendant for whom service has not been waived and the reasons a waiver has not been provided. This report is due **30 days** from the date the Request was sent.

**(6)** Defendants shall answer the complaint, observing the Federal Rules of Civil Procedure and the following litigation schedule:

**(a)** If Defendants assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

**(i)** within **60 days** of date of waiver request, file an answer;

**(ii)** within **90 days** of filing an answer, prepare and file a *Martinez* report[4] limited to the exhaustion issue; and,

**(iii)** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

**(b)** If Defendants challenge the complaint's bare allegations, Defendants shall, within **60 days** of date of waiver request, file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

---

[4] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987)*,* the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

**(c)** If Defendants choose not to rely on an exhaustion defense and wants to pierce the complaint's allegations, Defendants must,

> **(i)** within **60 days** of date of waiver request, file an answer;
>
> **(ii)** within **90 days** of filing an answer, prepare and file a *Martinez* report addressing the complaint's substance; and,
>
> **(iii)** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

**(d)** If Defendants want to seek relief otherwise contemplated under procedural rules, Defendants must file an appropriate motion within **90 days** of filing an answer.

**(7)** Plaintiff must, within **30 days** of its filing, respond to *Martinez* report, including a request for other discovery desired.

**(8)** Plaintiff must, within **30 days** of its filing, respond to motion to dismiss or summary-judgment motion. For Plaintiff's information and convenience, the Court has attached the procedural rules governing summary-judgment practice.

**(9)** Defendants shall file reply brief within **14 days** after the date Plaintiff's opposition is filed.

**(10)** A motion to dismiss or for summary judgment shall be deemed submitted as of the date the reply brief is due. No hearing will be held on a motion unless the Court so orders at a later date.

**(11)** Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order

states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

**(12)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **14 days** before the deadline to be extended.

**(13)** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

**(14)** Plaintiff's motion for appointed counsel is **DENIED**, (ECF No. 14); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this 4th day of May, 2021.

BY THE COURT:

JUDGE DALE A. KIMBALL
United States District Court

# Fed Rule of Civil Procedure 56

## Rule 56. Summary Judgment

- **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
- **(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
- **(c) Procedures.**
  - **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    - **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
    - **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
  - **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
  - **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
  - **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
- **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
  - **(1)** defer considering the motion or deny it;
  - **(2)** allow time to obtain affidavits or declarations or to take discovery; or
  - **(3)** issue any other appropriate order.
- **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
  - **(1)** give an opportunity to properly support or address the fact;
  - **(2)** consider the fact undisputed for purposes of the motion;
  - **(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
  - **(4)** issue any other appropriate order.
- **(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
  - **(1)** grant summary judgment for a nonmovant;
  - **(2)** grant the motion on grounds not raised by a party; or
  - **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.
- **(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.
- **(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

DISTRICT OF UTAH LOCAL CIVIL RULE 56-1

*SUMMARY JUDGMENT: MOTIONS AND SUPPORTING MEMORANDA*

**(a) Summary Judgment Motions and Memoranda.**
A motion for summary judgment and the supporting memorandum must clearly identify itself in the case caption and introduction.
**(b) Motion; Requirements and Supporting Evidence.**
A motion for summary judgment must include the following sections and be supported by an Appendix of Evidence as follows:
(1) Introduction and Relief Sought: A concise statement of each claim or defense for which summary judgment is sought, along with a clear statement of the relief requested. The parties should endeavor to address all summary judgment issues in a single motion. If a party files more than one motion, the court may strike the motion and that require the motions be consolidated into a single motion.
(2) Background (Optional): Parties may opt to include this section to provide background and context for the case, dispute, and motion. If included, this section should be placed between the Relief Sought section and the Statement of Undisputed Material Facts section. Factual summaries in the background section need not be limited to undisputed facts and need not cite to evidentiary support.
(3) Statement of Undisputed Material Facts: A concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law. Only those facts necessary to decide the motion should be included in this section. The moving party must cite with particularity the evidence in the Appendix of Evidence that supports each factual assertion.
(4) Argument: An explanation for each claim or defense, of why, under the applicable legal principles, the moving party is entitled to judgment as a matter of law. The arguments should include a statement of each claim or defense on which the party is seeking summary judgment and supporting authorities. Any factual citations must cite to the Appendix of Evidence, not the Statement of Undisputed Material Facts.
(5) Appendix of Evidence: All evidence offered in support of the motion must be submitted in an attached appendix. The appendix should be proceded by a captioned cover-page index that lists each exhibit by number, includes a description or title, and if the exhibit is a document, identifies the source of the document. The appendix should include complete copies of all exhibits, including complete copies of depositions, to the extent possible. In cases where lengthy depositions are relied upon, the moving party need not submit the entire deposition. However, the moving party must submit at least four (4) pages before and four (4) pages after the cited depostition transcript pages(s), for a total of at least nine (9).
**(c) Opposition Memorandum Requirements and Supporting Evidence.**
A memorandum in opposition to a motion for summary judgment must include the following sections and, if applicable, be supported by an Appendix of Evidence as follows:
(1) Introduction: A concise summary explaining why summary judgment should be denied.
(2) Background (Optional): Parties may opt to include this section to provide background and context for the case, dispute, and motion. If included, this section should be placed between the Introduction section and the Response to Statement of Undisputed Material Facts section. Factual summaries in the background
section need not be limited to undisputed facts and need not cite to evidentiary support.
(3) Response to Statement of Undisputed Material Facts: A restatement of each fact the opposing party contends is genuinely disputed or immaterial, a concise statement explaining why the fact is disputed or immaterial, and a citation with particularity to the evidence upon which the non-moving party relies to refute that fact 8. Any factual citations must reference the appropriate party's Appendix of Evidence, rather than either party's factual statements or

responses. The nonmoving party should not restate all of the moving party's statement of facts and should only respond to those facts for which there is a genuine dispute of material fact.
(4) <u>Statement of Additional Material Facts (if applicable):</u> If additional material facts are relevant to show that there is a genuine dispute of material fact, state each such fact and cite with particularity the evidence that supports the factual assertion from the appropriate party's Appendix of Evidence.
(5) <u>Argument:</u> An explanation for each claim or defense of why, under the applicable legal principles, summary judgment should be denied. Any factual citations must cite to the appropriate party's Appendix of Evidence, rather than either party's factual statements or responses.
(6) <u>Appendix of Evidence:</u> All evidence offered in opposition to the motion must be submitted in an appendix, utilizing the same procedure set out in DUCivR 56-1(b)(5). Counsel must make every effort not to duplicate evidence submitted by the other party. The appendix should be preceded by a cover page index that lists each exhibit by number, includes a description or title and, if the exhibit is a document, identifies the source of the document.
**(d) <u>Reply</u>**.
The moving party may file a reply memorandum. In the reply, a moving party may cite only additional evidence not previously cited in the opening memorandum to rebut a claim that a material fact is in dispute. Otherwise, no additional evidence may be cited in the reply memorandum, and if cited, the court will disregard it.
**(e) <u>Citations of Supplemental Authority</u>.**
When pertinent and significant authorities come to the attention of a party after the party's memorandum in support of or in opposition to a summary judgment motion has been filed, or after oral argument but before decision, a party may promptly file a notice with the court and serve a copy on all counsel, setting forth the citations. There must be a reference either to the page of the memorandum or to a point argued orally to which the citations pertain, but the notice must state, without argument, the reasons for the supplemental citations. Any response must be made, filed promptly, and be similarly limited.
**(f) <u>Failure to Respond</u>.**
Failure to respond timely to a motion for summary judgment may result in the court's granting the motion without further notice, provided the moving party has established that it is entitled to judgment as a matter of law.
**(g) <u>Length of Memoranda and Filing Times</u>.**
(1) A motion for summary judgment and a memorandum in opposition must not exceed 10,000 words, or in the alternative, forty (40) pages. A reply brief cannot exceed 5,000 words, or in the alternative, twenty (20) pages. If the document exceeds the page limit, then the party must certify compliance with the word-count limit. This limitation includes the following items: introduction, relief sought, background, statement of undisputed material facts, response to statement of undisputed material facts, statement of additional material facts, argument, and conclusion. This limitation excludes the following items: face sheet, table of contents, table of authorities, signature block, certificate of service, and appendix. Motions to file an overlength brief are discouraged and will be granted only upon a showing of good cause and exceptional circumstances, as set forth in DUCivR 7-1(e). Â
(2) Filing times and length of memoranda are governed by DUCivR 7-1.